# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AKOSUA AAEBO AS MANAGING
PARTNER OF QUINDARO COMPANY,

*Plaintiff,*

vs.

Case No. 20-2296-EFM-JPO

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS CITY,
KANSAS,

*Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Akosua Aaebo, as managing partner of Quindaro Company,[1] brings this pro se action against Defendant Unified Government of Wyandotte County/Kansas City, Kansas, alleging various causes of action of fraud and negligence. Defendant has filed a Motion to Dismiss for lack of subject matter jurisdiction (Doc. 8). Plaintiff has filed a Motion for Partial Summary Judgment (Doc. 11). Because the Court does not have subject matter jurisdiction over Plaintiff's claims, the Court grants Defendant's Motion to Dismiss and denies Plaintiff's Motion for Partial Summary Judgment as moot.

---

[1] The named Plaintiff in the Amended Complaint is "Akosua Aaebo as Managing Partner of Quindaro Company." It's not clear from this designation whether Aaebo is proceeding as an individual or on behalf of Quindaro Company. The Amended Complaint, however, alleges that Quindaro Company sustained harm as a result of Defendant's fraudulent and negligent conduct. Thus, the Court will proceed as though Quindaro Company is the Plaintiff.

# I.    Factual and Procedural Background

Aaebo, as managing partner of Quindaro Company, filed an Amended Complaint alleging fraud by conversion, constructive fraud, securities fraud, mortgage fraud, tax fraud, grant fraud, and negligence.   Plaintiff seeks $7 billion in monetary damages and $70 billion in punitive damages for actions taken by Defendant related to the annexation of property in Wyandotte County, Kansas.  Plaintiff alleges that Defendant was negligent in the recording of deeds for the property, which led to fraudulent annexation of the property and continued fraudulent acts related to the holding of such property by Defendant.

Plaintiff alleges that the Court has jurisdiction "due to federal matters in question."  As bases for relief, Plaintiff cites several sections of the United States Code, alleging that fraud by conversion is governed by 22 U.S.C. § 1341; constructive fraud is governed by 18 U.S.C. Chapter 47; securities fraud is governed by 18 U.S.C. § 1348 and § 3301; mortgage fraud is governed by 18 U.S.C. Chapter 47; tax fraud is governed by 26 U.S.C. § 7201; and grant fraud is governed 18 U.S.C. § 1031.  For his remaining claim of negligence, Plaintiff alleges that K.S.A. § 60-258 governs this claim.

# II.    Legal Standard

Under Rule 12(b)(1), the Court may dismiss a complaint based on a lack of subject matter jurisdiction.[2]  "Federal courts are courts of limited jurisdiction and, as such, must have a statutory

---

[2] Fed. R. Civ. P. 12(b)(1).

to exercise jurisdiction."[3]  The plaintiff bears the burden of showing that jurisdiction is proper by a preponderance of the evidence.[4]  "Mere conclusory allegations of jurisdiction are not enough."[5]

Generally, a Rule 12(b)(1) motion takes one of two forms:  a facial attack or factual attack. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[6]  A factual attack goes "beyond allegations contained in the complaint and challenge[s] the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[7]

Finally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[8]  A pro se litigant is entitled to a liberal construction of his or her pleadings.[9] If the Court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, the Court should do so despite "failure to cite proper legal

---

[3] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[4] *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citation omitted).

[5] *United States ex rel Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 798 (10th Cir. 2002) (citation omitted).

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)).

[7] *Id*. at 1003; *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[8] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[9] *See Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[10]  However, it is not the proper role of the district court to "assume the role of advocate for the pro se litigant."[11]

### III.    Analysis

Defendant argues that Plaintiff's Amended Complaint must be dismissed because the Court lacks subject matter jurisdiction.  Federal subject matter jurisdiction arises on the basis of a federal question at issue or diversity of citizenship.  Federal question jurisdiction exists if the action arises under the Constitution, laws, or treaties of the United States.[12]  Diversity jurisdiction exists if the amount in controversy exceeds $75,000, and the plaintiff is a citizen of a different state than each defendant.[13]

### A.    Federal Question Jurisdiction

Plaintiff alleges that "federal matters are in question" and therefore this Court has subject matter jurisdiction.  But, it is not until paragraph 43 of the Amended Petition that Plaintiff lists several sections of the United States Code that Plaintiff believes are applicable to its claims.  In that paragraph, Plaintiff states that every allegation in the Amended Petition "details Defendant's criminal failure to adhere to 18 U.S.C. Code § 1348 and § 3301, 18 U.S. Code chapter 47, 22 U.S. Code § 1341, 26 U.S. Code § 7201, 18 U.S. Code § 1031."

---

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

[12] 28 U.S.C. § 1331.

[13] *Id.* § 1332.

-4-

None of the statutes cited by Plaintiff, however, create a civil cause of action under which Plaintiff may bring a claim. Plaintiff cites 22 U.S.C. § 1341 as the basis for its fraud by conversion claim, but that statute has been omitted.[14] For its claims of constructive fraud, securities fraud, and grant fraud, Plaintiff cites Title 18, Chapter 47 of the United States Code, as well as 18 U.S.C. §§ 1348 and 3301, as the bases for its claims. All provisions within Title 18 are criminal provisions.[15] Plaintiff cannot criminally charge Defendant, and none of these sections provide for a civil cause of action.[16] Plaintiff also alleges that its tax fraud claim is governed by 26 U.S.C. § 7201, a section under the Internal Revenue Code that makes it a crime to evade or defeat tax.[17] Again, this section does not create a civil cause of action.[18] The remaining claim of negligence, which Plaintiff alleges is governed by K.S.A. § 60-258, is a state law claim. To the extent that Plaintiff alleges general fraud, this too would be a state law claim.

A plaintiff's failure to cite proper legal authority or confusion of various legal theories does not prevent claims from prevailing, but the Court, when construing the Amended Complaint liberally, only sees criminal and state law causes of action. Therefore, without a federal question at issue, the Court lacks subject matter jurisdiction based on a federal question.

## B.     Diversity Jurisdiction

---

[14] 22 U.S.C. § 1341 (omitted "in view of expiration of revised agreement concerning trade and other related matters which occurred on July 4, 1974").

[15] *See* 18 U.S.C. §§ 1001, 1031, 1348, 3301 (setting forth criminal offenses).

[16] *See id.*

[17] *See* 26 U.S.C. § 7201.

[18] *See id.*

The Court also lacks subject matter jurisdiction based on diversity. While Plaintiff seeks damages in an amount greater than $75,000, there is no diversity of citizenship between Plaintiff and Defendant. Plaintiff alleges that it is a registered business entity with the Kansas Secretary of State. A record of this registration shows that Plaintiff is a partnership whose members reside in Kansas. According to the United States Supreme Court, general partnerships are deemed to be citizens of every state in which a partner of the partnership is a citizen.[19] Thus, Plaintiff is a Kansas citizen. Defendant is a governmental entity in the State of Kansas. A political subdivision of a state is a citizen of that state unless it is "the arm or alter ego of the [s]tate."[20] Here, Defendant is a combined county and municipal government, making it a governmental subdivision of Kansas. As a governmental subdivision, Defendant is a citizen of Kansas. Thus, the parties are not diverse, and the Court does not have subject matter jurisdiction on this basis.[21]

In conclusion, Plaintiff has not demonstrated that the Court has subject matter jurisdiction based on either a federal question or diversity of citizenship. Therefore, the Court grants Defendant's motion and dismisses Plaintiff's claims.[22]

---

[19] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[20] *Moor v. Alameda Cnty.*, 411 U.S. 693, 717–18 (1973) (footnote omitted); *Wilkins v. Kan. Dep't of Lab.*, 2013 WL 591767, at *2 (D. Kan. 2013).

[21] The Court notes that even if it had construed the Amended Complaint as though Aaebo was proceeding on an individual basis, the Court would still lack diversity jurisdiction because Aaebo is a Kansas citizen.

[22] To the extent Aaebo seeks to represent Quindaro Company in this lawsuit, he cannot. The Tenth Circuit has held that "[a]s a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001). Pleadings filed by a non-attorney on behalf of another individual or entity should be stricken. *See Boilermaker-Blacksmith Nat'l Pension Fund v. Chicago Boiler & Mech., Inc*., 2006 WL 2228945, at *1 (D. Kan. 2006) (striking the defendant's answer after finding that the defendant, which was a corporation, was not represented by counsel). Quindaro Company is a busines entity and therefore must be represented by an attorney. Aaebo is not an attorney, and thus, to the extent he seeks to represent Quindaro Company, the Court would strike the Amended Complaint. Regardless, Plaintiff's claims are dismissed because the Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 11) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 15th day of July, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE