**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

AKOSUA AAEBO AS MANAGING
PARTNER OF QUINDARO COMPANY,

*Plaintiff,*

vs.

Case No. 20-2296-EFM

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS CITY,
KANSAS,

*Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Akosua Aaebo, as managing partner of Quindaro Company, proceeds pro se. Plaintiff brought an action against Defendant Unified Government of Wyandotte County/Kansas City, Kansas, alleging various causes of action for fraud and negligence.  On September 17, 2020, Defendant filed a Motion to Dismiss for lack of jurisdiction, which this Court granted on July 15, 2021.  The Court then entered judgment against Plaintiff.

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 16), which asks the Court to reconsider its Memorandum and Order (Doc. 14) dismissing Plaintiff's action for lack of subject matter jurisdiction.  Specifically, Plaintiff argues the Court's dismissal is based upon two "false assumptions": (1) that no federal question jurisdiction exists, and (2) that

Plaintiff is an exclusive resident of Kansas.   For reasons outlined below, the Court denies
Plaintiff's Motion for Reconsideration.

### I.      Legal Standard

Local Rule 7.3(a) governs motions to reconsider a dispositive order.[1]   "Parties seeking
reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P.
59(e) or 60," and "[t]he court will not grant reconsideration of such an order or judgment under
[Local Rule 7.3]."[2]  The standards governing motions to reconsider are well established. "A motion
to reconsider is appropriate where the Court has obviously misapprehended a party's position or
the facts or applicable law, or where the party produces new evidence that could not have been
obtained through the exercise of due diligence."[3]   A motion to reconsider is not an appropriate
method for a party to revisit issues already addressed or to advance new arguments and supporting
facts that were originally available.[4]   In other words, "[a] party's failure to present its strongest
case in the first instance does not entitle it to a second chance in the form of a motion to
reconsider."[5]

The decision regarding whether to grant or to deny a motion to reconsider is left with the
sound discretion of the district court.[6]   Because Plaintiff appears pro se in this case, the Court must

---

[1] D. Kan. R. 7.3.

[2] D. Kan. R. 7.3(a).

[3] *Eissa v. Aetna Life Ins. Co.*, 2011 WL 3611492, *1 (D. Kan. 2011) (quoting *Comeau v. Rupp*, 810 F. Supp.
1172, 1174–75 (D. Kan. 1992)).

[4] *Id*.

[5] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting *Sithon Mar.
Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[6] *Vanlerberghe v. Apfel*, 2000 WL 360104, *1 (D. Kan. 2000) (citations omitted).

liberally construe his pleadings,[7] but such liberal construction does not relieve the plaintiff of its burden to demonstrate that reconsideration is proper.[8]

## II.      Analysis

As required by Local Rule 7.3, the Court will not grant reconsideration of a dispositive order.[9] Instead, Plaintiff was required to file a motion pursuant to Fed. R. Civ. P 59(e) or 60.[10] Here, Plaintiff fails to invoke Rule 59(e) or 60 at any place in its lengthy motion, instead merely asking the Court to reconsider its order dismissing the case.

Although Plaintiff is proceeding pro se and the Court must liberally construe Plaintiff's motion,[11] Plaintiff is still "subject to the same rule of procedure that govern other litigants."[12] The Court will not assume the role of advocate for Plaintiff,[13] nor will it "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[14] Because Plaintiff failed to properly invoke Rule 59(e) or 60, Plaintiff's motion must be denied as improper.

Even if Plaintiff properly filed a Rule 59(e) or 60 motion, however, he would still not meet that standard. Reconsideration on dispositive motions is reserved for the rare instances where the court clearly misapprehended the law.[15] A motion for reconsideration does not "permit a losing

---

[7] *Hall v. Bellmon*, 935 F.2d at 1110.

[8] *Id*.

[9] *See* D. Kan. R. 7.3(a).

[10] *Id*.

[11] *McWilliams*, 121 F.3d at 574.

[12] *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (citation omitted).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.")

[14] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).

[15] *Eissa*, 2011 WL 3611492 at *1.

party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier."[16]

Here, Plaintiff does not argue that the Court misapplied any law.  Instead, Plaintiff argues only that the Court based its decision on "false assumptions" of facts.  In doing so, Plaintiff lists multiple purported "federal questions," none of which it listed in its amended complaint.  Plaintiff also alleges, for the first time, that its members are citizens of the state of Missouri, and therefore diversity jurisdiction exists.  But again, Plaintiff failed to allege these facts in its amended complaint and cannot now use a motion to reconsider as an opportunity to raise facts that could have been presented earlier.  Plaintiff therefore fails to show that the Court obviously misapprehended the law in dismissing the case, and Plaintiff's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 16) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 30th day of August, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[16] *Anderson v. Equifax Info. Servs. LLC*, 292 F. Supp. 3d 1211, 1214 (D. Kan. 2017) (citations omitted).